Erik L. Jackson (CBN 166010)
ejackson@cozen.com
Robert W. Hayes
Rachel H. Robbins
Abby Sacunas
COZEN O'CONNOR
777 South Figueroa Street, Ste. 2850
Los Angeles, California 90017
Telephone: 215.892.7900
Facsimile: 213.892.7999

Attorneys for Plaintiffs and Movants
It's My Party

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IT'S MY PARTY, INC. and IT'S MY AMPHITHEATRE,<br><br>Plaintiffs,<br><br>vs.<br><br>LIVE NATION, INC.,<br><br>Defendant. | Case No.: 1:09-cv-00547-JFM<br><br>**DECLARATION OF RACHEL H. ROBBINS, ESQUIRE IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL THIRD-PARTY WILLIAM MORRIS ENDEAVOR ENTERTAINMENT, LLC TO RESPOND TO PLAINTIFFS' REQUESTS FOR PRODUCTION OF DOCUMENTS PURSUANT TO FRCP 37**<br><br>Date:<br>Time:<br>Place:<br><br>Discovery Cut-Off: November 30, 2010 |

I, Rachel H. Robbins, counsel for Plaintiffs and Movants, It's My Party, Inc. ("I.M.P.") and It's My Amphitheatre, Inc. ("I.M.A.") (collectively, "Plaintiffs" or "Movants"), hereby declare and say in support of Plaintiffs' Motion to Compel Third-Party William Morris Endeavor Entertainment, LLC ("WME") in the above-captioned matter:

1. Plaintiffs filed their Complaint against Live Nation, Inc. ("Live Nation") in the United States District Court for the District of Maryland, Northern Division, on March 5, 2009. Central claims in the Plaintiffs' antitrust Complaint are that Live Nation offers supra-competitive fees to artists (often exceeding the entire concert ticket gross) to induce music artists to participate in Live Nation promoted national, block-booked or multi-appearance concert tours and that Live Nation offers the artist the ability to appear only at venues it owns, leases, manages or with which it has a booking agreement (other than for regions in which it does not have such a relationship with a venue) as part of a national, multi-appearance or block-booked tour. Plaintiffs further allege that Live Nation conditions appearances at venues in regions where it operates the only or a monopoly of the existing music venues upon artists agreeing also to appear at venues in areas where it faces competition. A true and correct copy of the Complaint is attached hereto and marked Exhibit A.

2. Live Nation filed a Motion to Dismiss the Complaint on April 27, 2009. This Motion was denied by Order filed on July 17, 2009. The Court did not issue a formal opinion and, instead, memorialized its decision in an informal memorandum addressed to counsel. A true and correct copy of this Memorandum Decision is attached hereto and marked Exhibit B.

3. Live Nation filed its Answer and Affirmative Defenses on July 31, 2009. A true and correct copy of the Answer and Affirmative Defenses is attached hereto and marked Exhibit C.

4. The original case scheduling order provided for fact discovery to be completed by March 15, 2010. A true and correct copy of this Scheduling Order, dated September 10, 2009, is attached hereto and marked Exhibit D.

5. On January 26, 2010, the court entered an Order approving a stipulated Motion for an Extension of the Discovery Period, which extended discovery until November 30, 2010. A true and correct copy of this Stipulated Motion for Extension and the Second Scheduling Order are attached hereto and marked Exhibits E and F, respectively.

6. Discovery was extended primarily because Live Nation would not be able to complete its document production until June 2010 because of issues with its electronic data storage system. (See Exhibit E attached hereto.)

7. Movants served WME with a Federal Rule of Civil Procedure subpoena *duces tecum* on November 11, 2009 (hereinafter, the "Subpoena"). A true and correct copy of the Subpoena is attached hereto and marked Exhibit G.

8. WME is a talent agency with a personal appearance department that represents music artists. (See Variety.com, Pollstar and Billboard.biz News Articles, attached hereto and marked Exhibit H.) Its services include acting as a booking agent for its client-artists' appearances in venues across the country and throughout the world. (See id.) As the booking agent for its client-artists' live concert appearances, including for national tours promoted by Live Nation, WME is in a unique position to provide evidence relevant to Plaintiffs' claims.

9. Indeed, Movants served the Subpoena, in part, because a WME agent, Mark Geiger, advised them during the course of negotiating an appearance by the rock band Nine Inch Nails that monetary concessions were made to Live Nation in order for the artist to play Merriweather Post Pavilion, an amphitheatre I.M.A. operates in Columbia, Maryland, rather than Live Nation's competing venue in Bristow, Virginia (a Washington D.C. suburb). A true and correct copy of Email Communication from

Mark Geiger to Seth Hurwitz, dated February 21, 2009, is attached hereto and marked Exhibit I.

10. Additionally, Movants learned that Trent Reznor, the lead singer of Nine Inch Nails, which is represented by WME, announced on his blog that in order for Nine Inch Nails to appear at the venues of its choosing, it must agree to be promoted by Live Nation. A true and correct copy of Trent Reznor's blog post is attached hereto and marked Exhibit J.

11. Movants served similar subpoenas upon other booking agencies, such as, Creative Artists Agency, Paradigm Talent Agency, Variety Artists International and The M.O.B. Agency, and these talent agencies have generally complied with Plaintiffs' document requests.

12. On November 20, 2009, counsel for WME contacted me by telephone to request an extension of time in which to respond to the Subpoena.

13. During this conversation, I clarified to WME's counsel that the Subpoena is seeking documents showing the details of the negotiations leading up to all national, block-booked and/or multi-appearance touring agreements between WME's client-artists and Live Nation, and the actual deals themselves, including but not limited to how much the artist was paid.

14. We agreed that WME would respond to the Subpoena by Friday, December 18, 2009.

15. However, WME made no attempt to meaningfully respond to the Subpoena, and refused to produce any documents to Plaintiffs. Rather, on November 25, 2009, WME served written Objections to the Subpoena that mimicked the

arguments Live Nation raised in its failed Motion to Dismiss, which is not surprising given that the Co-CEO of WME also serves as a director of Live Nation. A true and correct copy of WME's Objections is attached hereto and marked Exhibit K. See also A true and correct copy of the Biography of Ariel Emanuel from Live Nation's Investor Website, which is attached hereto and marked Exhibit L.

16. Thereafter, counsel for WME sent a letter dated December 18, 2009, requesting that we endeavor to schedule a Rule 37 conference.

17. I repeatedly attempted to contact WME's counsel to schedule such a conference.

18. The parties conducted a pre-filing conference of counsel telephonically on January 6, 2010 and via written correspondence dated January 20, 2010 and February 17, 2010. During our January 6, 2010 teleconference, counsel for WME did not seriously dispute the relevancy of the requested information, but rather demanded that Movants first exhaust discovery of Live Nation and complained that it would be burdensome to respond to the Subpoena. I responded that the Subpoena was limited in scope because it focused upon the negotiation and contractual arrangements for artists to appear in Live Nation promoted national, block-booked or multi-appearance tours. As Live Nation only enters into these types of promotional arrangements with popular artists, there is only a limited number of artists to which the Subpoena applied. I further emphasized that the Subpoena included requests for documents that would not likely be in the possession of Live Nation. WME still refused to produce any documents whatsoever.

19. On January 20, 2010, I further attempted to negotiate voluntary compliance with the Subpoena by way of a written proposal agreeing to limit the

DECLARATION OF RACHEL ROBBINS IN SUPPORT OF JOINT STIPULATION
RE MOTION TO COMPEL WME TO PRODUCE DOCUMENTS
U.S.D.C. No.: 1:096-cv-00547-JFM

1. scope of the Subpoena to 29 specific artists. A true and correct copy of this Proposal is attached hereto and marked as Exhibit M.

20. In the interim, Movants and Live Nation entered into a Stipulated Order Regarding Confidentiality of Discovery Material (hereinafter, "Confidentiality Stipulation"), which was adopted by Order of the Court. A true and correct copy of the Confidentiality Stipulation and paperless Order is attached hereto and marked Exhibit N.

21. The Confidentiality Stipulation covers the production of any discovery material by non-parties, and would protect any confidential and proprietary business information that is produced by WME in response to the Subpoena. (See Exhibit N attached hereto.)

22. On January 28, 2010, I sent counsel for WME a copy of the Confidentiality Stipulation via email. A true and correct copy of this Email Communication is attached hereto and marked Exhibit O.

23. Thereafter, by letter dated, February 17, 2010, WME responded that nothing short of withdrawing the Subpoena would assuage its concerns. A true and correct copy of the Letter from Justin Lowe to Robert Hayes and Rachel Robbins, dated February 17, 2010, is attached hereto and marked Exhibit P.

24. Even though this issue was joined in February, Movants attempted to complete discovery against Live Nation in an attempt to moot WME's argument that they should complete party discovery before pursuing third-party discovery. This has not proved possible because Live Nation has yet to complete its production of electronic discovery. It will simply not be possible to further delay obtaining

discovery from WME, and yet complete discovery by the November 30, 2010 discovery cut-off.

    I declare under penalty of perjury that the foregoing statements are true and correct and are stated on my personal knowledge. I am aware that if any of the statements made by me are willfully false, I am subject to punishment.

Dated: August 18, 2010

                                                      */s/ Rachel H. Robbins*
                                                      Rachel H. Robbins

DECLARATION OF RACHEL ROBBINS IN SUPPORT OF JOINT STIPULATION
RE MOTION TO COMPEL WME TO PRODUCE DOCUMENTS
U.S.D.C. No.: 1:096-cv-00547-JFM