Daniel Harshman (SBN 177139)
dharshman@cozen.com
COZEN O'CONNOR
777 South Figueroa Street, Suite 2850
Los Angeles, California 90017
Telephone: 213.892.7900
Facsimile: 213.892.7999

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IT'S MY PARTY, INC. and IT'S MY AMPITHEATRE, INC. d/b/a/ Merriweather Post Pavilion<br><br>Plaintiffs,<br><br>vs.<br><br>WILLIAM MORRIS ENDEAVOR ENTERTAINMENT<br><br>Defendant. | Case No.: CV10 7216 RGK (AJWx)<br><br>**MOTION TO STRIKE THIRD-PARTY WILLIAM MORRIS ENDEAVOR ENTERTAINMENT, LLC'S OBJECTIONS TO THE DECLARATION OF RACHEL H. ROBBINS SUBMITTED IN SUPPORT OF THE PARTIES' JOINT STIPULATION RE: MOTION TO COMPEL**<br><br>Hearing Date: November 8, 2010<br>Time: 9:30 a.m.<br>Before: Hon. Andrew J. Wistrich<br>Place: Courtroom 690 |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

YOU ARE HEREBY NOTIFIED that on November 8, 2010, at 9:30 a.m. or as soon thereafter as this matter may be heard in Civil Division Department of this Court, located at 225 East Temple Street, Los Angeles, California 90012, Plaintiffs, It's My Party, Inc. and It's My Amphitheatre, Inc. ("Plaintiffs") will move this Court for an order to strike Third-Party William Morris Endeavor Entertainment's ("WME") Objections to the Robbins Declaration submitted in support of the parties' Joint Stipulation Re: Motion to Compel WME to Produce Documents.

/ / /

/ / /

1

This motion is made following the conference of counsel pursuant to Local Rule of Court 7-3 which took place telephonically on October 20, 2010, and via written correspondence dated October 20, 2010 and October 22, 2010. Said motion is made on the grounds that WME failed to comply with the Local Rule of Court 37-2.1, which required any objections to the declaration or evidence submitted by Plaintiffs in support of their motion to compel be included within WME's portion of the parties Joint Stipulation, and also on the grounds that WME's objections are otherwise without basis.

This motion is based upon this Notice of Motion, the Memorandum of Points and Authorities, the papers and records filed herein, and on such oral and documentary evidence as may be presented at the hearing on the motion.

Respectfully submitted,

DATED: October 27, 2010        COZEN O'CONNOR

By: _____-/S/-_____
DANIEL HARSHMAN
Attorneys for Plaintiffs/Movants

MOTION TO STRIKE THIRD-PARTY OBJECTIONS TO THE DECLARATION OF RACHEL H. ROBBINS

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. STATEMENT OF RELEVANT FACTS

On August 19, 2010, Plaintiffs served their portion of the Joint Stipulation Re: Plaintiffs' Motion To Compel Third-Party William Morris Endeavor Entertainment, LLC ("WME") To Respond To Plaintiffs' Requests For Production Of Documents Pursuant To FRCP 37 (hereinafter, "Joint Stipulation"), which included the challenged evidence and portions of the Declaration of Rachel H. Robbins ("Robbins Declaration") upon counsel for WME, in accordance with California Central District Local Rule 37-2.2. Although WME's portion of the Joint Stipulation (together with any declarations and exhibits WME intended to offer in support of its position) was originally required to be delivered to Plaintiffs' counsel no later than August 26, 2010 pursuant to the Local Rules, Plaintiffs agreed to WME's request for two extensions, until September 17, 2010 to provide its response to Plaintiffs' papers.

On September 17, 2010, WME delivered its portion of the Joint Stipulation, along with the documentation it intended to offer in support of its opposition, to Plaintiffs' counsel. On September 29, 2010, the parties' Joint Stipulation was filed with the Court, and a hearing on this discovery dispute was set for November 1, 2010. Thereafter, Plaintiffs filed their supplemental memorandum in accordance with Local Rule 37-2.3. Although WME's portion of the Joint Stipulation was required to include all issues it claimed were in dispute, WME failed to raise any objections to the evidence previously submitted by Plaintiffs in support of their position and, instead, waited to raise these additional issues by way of Objections filed on the last day for Plaintiffs to file their supplemental memorandum. Because Plaintiffs were unaware of WME's belated evidentiary objections, their supplemental memorandum did not address WME's recent challenges to portions of the Robbins Declaration but, instead, exclusively responded to the arguments that were raised by WME in its portion of the Joint Stipulation.

1

MOTION TO STRIKE THIRD-PARTY OBJECTIONS TO THE DECLARATION OF RACHEL H. ROBBINS;
MEMORANDUM OF POINTS AND AUTHORITIES

## II. SUMMARY OF ARGUMENTS

WME waived any objections to the Robbins Declaration and Plaintiffs' evidence in support of their motion to compel by failing to raise them in its portion of the Joint Stipulation, and should be estopped from raising them now because Plaintiffs were not given any opportunity to respond. In any event, and regardless of whether WME's objections are stricken as untimely, WME misconstrues the purpose and intent of the statements and evidence proffered by Plaintiffs in support of their motion to compel, and as a result, its objections are wholly without basis, or otherwise moot, and should be overruled.

## III. POINTS AND AUTHORITIES

### A. WME's Objections To The Robbins Declaration Should Be Stricken As Untimely

Pursuant to Local Rule 37-2.2, Plaintiffs provided WME with their evidence and arguments as part of the proposed Joint Stipulation, including the Robbins Declaration and its exhibits, on August 19, 2010. On September 17, 2010, WME delivered its portion of the Joint Stipulation, along with the documentation it intended to offer in support of its opposition, to Plaintiffs' counsel. Nowhere in its portion of the Joint Stipulation or during conversations between counsel did WME take issue with the language of or evidence offered in support of the Robbins Declaration, and WME was required to specify all of its objections to Plaintiffs' declaration and evidence at that time. See L.R. 37-2.1 ("The stipulation shall contain all issues in dispute . . ."); see also Young v. Axa Art. Ins. Corp., No. CV10-3746SVW(SSx), 2010 WL 3895173, at *1 (C.D. Cal. Sept. 30, 2010) (same). By waiting to file objections to the Robbins Declaration until after the parties' Joint Stipulation was filed (and two months after first receiving a copy of this document), rather than properly raising its objections in its portion of the parties' joint pleading, WME is skirting the purpose of Local Rule 37-2.1 and attempting to evade a response from

Plaintiffs.[1] WME had the opportunity and obligation under the local rules to raise this dispute in the parties' Joint Stipulation and, therefore, its objections to the Robbins Declaration are untimely, and have been waived.

### B. Even Assuming WME's Objections Were Timely Asserted, They Should Be Overruled Because They Are Without Merit

WME objects to five specific paragraphs of the Robbins Declaration, namely Paragraphs 1, 8, 9, 10, and 15 (specifically, lines 1-5 on page 5). As a general matter, evidence submitted in support of a motion to compel is not subject to the same strict evidentiary requirements as, for example, a motion for summary judgment, and is presumed admissible for purposes of informing the court as to the merits of the parties' discovery dispute. See, e.g., Phillips v. Netblue, Inc. et al, 2006 WL 3545002, *4 (N.D. Cal. Dec. 8, 2006); Hines v. California Pub. Util. Comm'n, 2010 WL 935279, *1 (N.D. Cal. March 15, 2010) (finding that "CPUC has failed to establish that the Court may examine only admissible evidence for purposes of a discovery motion.") In any event, as detailed below, WME's objections to these paragraphs are not only meritless, but of no consequence.

#### 1. Paragraph 1 of the Robbins Declaration

WME objects to counsel's characterization of Plaintiffs' claims in the underlying litigation by stating that the Complaint "speaks for itself." WME's objection, however, disputes neither the existence of the Complaint (a copy of which is attached as Exhibit A to the Robbins Declaration) nor its contents and, thus, the Court may ignore this objection as inconsequential, and simply rely upon the Complaint itself. See Inamed Corp. v. Kuzmak, 275 F. Supp. 2d 1100, 1114 n. 57 (C.D. Cal. 2002) (refusing to address objection to paragraph of witness' declaration that "summarizes and characterizes" letter moved into evidence).

---

[1] The filing of WME's belated objections further prevents Plaintiffs from complying with the notice requirements set forth in Local Rule 6.1 pertaining to the filing and service of Motions.

### 2. Paragraph 8 of the Robbins Declaration

WME claims that the statements contained within Paragraph 8 of the Robbins Declaration are hearsay and otherwise relate to matters outside the scope of the declarant's personal knowledge, and that the documents attached are unauthenticated. Contrary to WME's objections, the statements set forth in the news articles at Exhibit H to the Robbins Declaration are not hearsay, since they are not being offered to prove the truth of their substance, but instead, merely to provide insight as to the reasoning precipitating the service of the subpoena upon WME. See, e.g., L.A. News Serv. v. CBS Broadcasting, Inc., 305 F.3d 924, 935-36 (9th Cir. 2002) (hearsay does not include declarations submitted to show effect on listener); Endsley v. Luna, No. 06-06961, 2010 U.S. Dist. LEXIS 79223, at *26 n.7 (C.D. Cal. May 7, 2010) (same). Furthermore, these documents are self-authenticating news articles pursuant to Federal Rule of Evidence 902(6). Even if they were not self-authenticating, which they are, a witness declaration authenticates internet-based exhibits if the documents were printed by the witness or under the witness' direction and contain the internet domain address from which the text was printed and the date on which it was printed, as these documents clearly do. See Perfect 10, Inc. v. Cybernet Ventures, Inc., 213 F. Supp. 2d 1146, 1153-54 (C.D. Cal. 2002) (Ninth Circuit law does not support blanket rejection of internet-based documents which formed basis of the court's holding in St. Clair v. Johnny's Oyster & Shrimp, Inc., 76 F. Supp. 2d 773 (S.D. Tex. 1999), upon which WME relies).

Perhaps more importantly, WME's objections to the facts describing its business operations, which were included by the witness in Paragraph 8 of the Robbins Declaration, are moot by virtue of WME's own admission of these very same facts on page 3 of its portion of the Joint Stipulation. Indeed, WME admits that it is "one of the premier talent agencies in the world[,]" and that "WME's Personal Appearance Department is one of the largest of its kind, operating out of three offices across the United States and one in London, England and responsible for booking live

engagements for its large array of clients all over the world." Thus, WME's objections to Paragraph 8 of the Robbins Declaration not only lack merit, but are also of no consequence.

### 3. Paragraphs 9 and 10 of the Robbins Declaration

Also without basis are WME's objections to Paragraphs 9 and 10 of the Robbins Declaration on the grounds of lack of foundation, hearsay and lack of authentication. These Paragraphs (and their accompanying Exhibits) are merely offered to fairly explain counsel's reasoning behind serving the subpoena upon WME in the first place, and to show that the document requests are relevant to the issues in the Underlying Litigation and seek information that is likely within WME's control. See Fed. R. Civ. P. 45(c)(1) ("A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena.").

More specifically, Paragraphs 9 and 10 advise the Court that the subpoena was issued in part, because counsel was informed and believed that: (a) a WME agent, Mark Geiger, advised Plaintiffs during the course of negotiating an appearance by his client, Nine Inch Nails, that monetary concessions were made to Live Nation in order for the artist to play Merriweather (Paragraph 9); and (b) Trent Reznor, the lead singer of Nine Inch Nails, which again is represented by WME, has publicly stated that his rock band's ability to appear at concert venues is constrained by Live Nation (Paragraph 10). The Robbins Declaration offers a copy the relevant e-mail communication between Mr. Geiger and Plaintiffs' principal, and a copy of Mr. Reznor's blog post which was printed by counsel from Nine Inch Nail's official website and contains the internet domain address from which the text was printed and the date on which it was printed, as the Exhibits to Paragraphs 9 and 10, respectively, again, not for the truth of their substance, but merely to show the effect they had upon counsel in making the determination to subpoena documents from WME. See, e.g., L.A. News Serv., supra.; Endsley, supra.

4. **Paragraph 15 (Page 5, Lines 1-5) of the Robbins Declaration**

Finally, WME objects to the introduction of Ariel Emmanuel's biography, which states that he is a member of the Board of Directors of Live Nation, on the grounds that it is unauthenticated hearsay of which counsel has no personal knowledge. However, WME's counsel has agreed to stipulate to this fact in conferring as to the instant motion, thereby mooting this objection and the need for a substantive response.[2]

## IV. CONCLUSION

Plaintiffs maintain that WME's objections to the Robbins Declaration are procedurally improper, time-barred and waived, and as such, should be stricken in the first instance. Regardless of whether the Court agrees with this position, it is clear based on the foregoing that WME's objections are wholly without basis. Plaintiffs therefore request that the Court overrule WME's Objections to the Declaration of Rachel H. Robbins submitted in support of the Joint Stipulation Re: Motion to Compel, and consider all the evidence properly proffered by Plaintiffs when ruling upon their Motion to Compel.

Respectfully submitted,

DATED: October 27, 2010           COZEN O'CONNOR

By: _____-/S/-_____
DANIEL HARSHMAN
Attorneys for Plaintiffs/Movants

---

[2] Plaintiffs, nevertheless, maintain Exhibit L to the Robbins Declaration is properly authenticated and admissible hearsay.